# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| OMNISOLVE, LLC and SIRROM PARTNERS, L.P., ) ) ) Plaintiffs, ) ) ) v. ) ) JACK ROBERTS, ) ) Defendant. ) | NO. 3:25-cv-00276 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 7) requesting that the Court enjoin Defendant Jack Roberts from using, converting, or transferring the assets or property of OmniSolve, LLC ("OmniSolve"); acting on behalf of OmniSolve in any form; selling counterfeit products in the name of OmniSolve; and destroying any evidence relating to Plaintiffs' claims in this matter. Plaintiffs' motion also requests that the Court order Roberts to return all assets and property belonging to OmniSolve. For the reasons stated herein, Plaintiffs' motion for Temporary Restraining Order (Doc. No. 7) is **DENIED**. Plaintiffs' motion for a preliminary injunction is **TAKEN UNDER ADVISEMENT**. The Court will hold a preliminary injunction hearing on **Monday, April 7, 2025**, at **1:30 p.m.**

Injunctive relief is an "extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to issue a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will

cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g. Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017). While these factors are a balancing test, "even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement." *D.T. v. Sumner Cty. Schools,* 942 F.3d 324, 326-27 (6th Cir. 2019) (internal quotations omitted).

The Court finds Plaintiffs have failed to demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (emphasis in original). Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *E. Greyhound Lines v. Fusco*, 310 F.2d 632, 634 (6th Cir. 1962). Plaintiffs must demonstrate that the harm alleged is "both certain and immediate, rather than speculative or theoretical." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 154 (6th Cir. 1991); *see also Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy....").

Here, Plaintiffs identify as the harm dissipation of assets and threat of injury to reputation. Plaintiffs support their claimed harm through the declaration of Dr. John Morris, M.D., a founder and Chairman of the Board of Sirrom Partners, as well as a board member of OmniSolve, LLC. (Doc. No. 9). According to Dr. Morris, Plaintiffs terminated Roberts for cause on March 7, 2025, after which they gained control of OmniSolve, LLC's US bank account and discovered that, in January 2023, Roberts had withdrawn around $123,000 in payments to himself, his wife, and a company he owned. (*Id*. ¶¶ 16-18). While Plaintiffs' concerns that Roberts is using OmniSolve, LLC's assets and selling counterfeit product using their brand are certainly valid, Roberts' wrongful withdrawals in January 2023 fail to demonstrate that the threat of harm is "both certain

2

Case 3:25-cv-00276    Document 11    Filed 03/13/25    Page 2 of 3 PageID #: 49

and immediate." The Court finds Plaintiffs have failed to establish the alleged harm is likely in the absence of an injunction, and not just a possibility "feared as liable to occur at some indefinite time in the future." Accordingly, Plaintiffs' Motion for a Temporary Restraining Order is **DENIED**. *See D.T.,* 942 F.3d at 326-27.

The Court will hold a preliminary injunction hearing on **Monday, April 7, 2025**, at **1:30 p.m.** in Courtroom 6-B, Fred Thompson United States Courthouse, 719 Church Street, Nashville, TN. By **noon** on **Thursday, March 27, 2025**, the parties shall file the following: (1) any affidavits; (2) witness lists; (3) exhibit lists; (4) any depositions and/or deposition designations; (5) any stipulations; (6) any motions in limine; and (7) any supplemental briefs. No witness shall testify live at the preliminary injunction hearing unless the party calling such witness to testify has identified and made that witness available for a deposition prior to the hearing. Responses to motions in limine shall be filed by **noon** on **Thursday, April 3, 2025**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE